IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

CARLOS PETERSON,

                              Plaintiff,
                                                    Civil Action No.
                                                    5:12-CV-1371 (MAD/DEP)
              v.


JUDGE DONALD E. TODD, and
D.A. WILLIAM FITZPATRICK,

                              Defendants.

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

Carlos Peterson, *Pro Se*
08-B-3052
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT, RECOMMENDATION, and ORDER</u>

Currently pending before me for review are a civil rights complaint and accompanying *in forma pauperis* ("IFP") application, both of which have been submitted for filing by *pro se* plaintiff Carlos Peterson.  In his complaint, plaintiff asserts claims pursuant to 42 U.S. C. § 1983 against a sitting judge and a county district attorney, arising out of the criminal conviction that led to his current incarceration.

For the reasons set forth below, plaintiff's application for IFP status is denied, and I recommend that his complaint be dismissed in its entirety based on the fact that the asserted claims are precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994), and, alternatively, the defendants' entitlement to absolute immunity.

I.      <u>BACKGROUND</u>

Plaintiff is a New York State prison inmate currently confined in the Clinton Correctional Facility, located in Dannemora, New York.  Complaint (Dkt. No. 1) at ¶ 2.[1]  Generally speaking, plaintiff's complaint alleges that

---

[1]      Although plaintiff's IFP application states that he is not incarcerated, New York State Department of Corrections and Community Supervision ("DOCCS") Inmate Information informs the court that plaintiff incarcerated at Clinton Correctional Facility as of February 4, 2013, with a release date of no earlier than November 24, 2016. Inmate Information, Inmate Population Information Search http://nysdoccslookup.doccs.ny.gov/ (last visited Feb. 4, 2013).

he was wrongfully convicted because defendants Judge Donald E. Todd and Onondaga County District Attorney William J. Fitzpatrick (1) permitted the introduction of false testimony and inadmissable evidence at trial; (2) made material misstatements of law in a discriminatory manner; and (3) failed to disclose potentially exculpatory evidence to him. *Id.* at ¶ 6. Additionally, plaintiff's complaint alleges that he was disparately treated, and that his conviction was improperly motivated. *Id.* As a result, plaintiff's complaint asserts claims of malicious prosecution and fraud against both defendants Todd and Fitzpatrick. *Id.* at ¶ 7. As relief, plaintiff seeks recovery of actual and punitive damages totalling $15 million. *Id.* at ¶ 8.

II.   DISCUSSION

A.   Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $350, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that he is unable to pay the required filing fee.[2] 28 U.S.C. § 1915(a)(1).

---

[2]      The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1)

When a prison inmate requests IFP status, his application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with the local rules of practice of this court, a prisoner may satisfy this requirement by submitting a completed, signed, and certified IFP application.[3] N.D.N.Y. L.R. 5.4(b)(1)(A). Local Rule 5.4 further provides that, if the prisoner fails to fully comply with the above-described requirements after being informed by court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.4(b)(2)(A).[4]

_____

(authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    A "certified" IFP application is one on which the certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's prison facility. *See, e.g.*, Dkt. No. 2 at 2. The certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months. *Id.*

[4]    It should be noted that Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order." Fed. R. Civ. P. 41(b). It is well-

4

In this instance, plaintiff has submitted an IFP application that does not include the required trust account certification.  Dkt. No. 2 at 2.  Accordingly, plaintiff's IFP application is denied as incomplete.  *See*, *e.g.*, *Resto v. Weissmane*, No. 08-CV-0340, 2008 WL 4021053, at *3 (N.D.N.Y. Aug. 25, 2008) (Kahn, J., adopting on de novo review report and recommendation by Lowe, M.J.) (denying motion to proceed IFP in part on plaintiff's failure to complete certificate portion of form affidavit), *accord*, *Ramos v. Doe*, No. 97-CV-1074, 1997 WL 627549, at *3 (N.D.N.Y. Oct. 9, 1997) (Pooler, J.).[5,6]

> ### B.   Sufficiency of Plaintiff's Complaint

> #### 1.   Standard of Review

Ordinarily, the denial of plaintiff's IFP application would end the court's discussion, and plaintiff, in light of his *pro se* status, would likely be

---

settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure, but also to the local rules of practice for this court. *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.).

[5]      Copies of all unreported decisions have been appended for the convenience of the *pro se* plaintiff.

[6]      In the event that this action is not dismissed, I recommend that the plaintiff be required, within thirty days of the date of filing of a decision and order permitting the action to proceed, to either (1) pay the required court filing fee of $350, or (2) submit a completed and certified IFP application.  Upon the failure of plaintiff to comply with these orders, I will recommend that his complaint be dismissed without prejudice.

afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP.  However, 28 U.S.C. § 1915 makes clear that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B).  *See also Nelson v. Spitzer*, No. 07-CV-1241, 2008 WL 268215, at *1-2 (N.D.N.Y. Jan. 29, 2008) (McAvoy, J.) (denying motion to proceed IFP based on three-strikes rule, then analyzing complaint and dismissing it, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim).  Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  *See also Abbas v. Dixon*, 480 F.3d 636, 639 (2d

Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").[7]  When applying these standards of review, in light of the leniency afforded to *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990), a court should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond[.]"  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

When reviewing a complaint under 28 U.S.C. § 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance.  Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The purpose of  Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine

---

[7]      To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson*, 2008 WL 268215, at *1 n.3, and "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources," *Neitzke*, 490 U.S. at 327.

of res judicata is applicable.'"  *Powell v. Marine Midland Bank*, 162 F.R.D.

15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75

F.R.D. 497, 498 (D. D.C. 1977)) (italics omitted).

   A court should not dismiss a complaint if the plaintiff has stated

"enough facts to state a claim to relief that is plausible on its face."  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court should construe the factual allegations in a light most

favorable to the plaintiff, "the tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal

conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements,

do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  Thus, "where the

well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged–but it has not

'show[n]'–'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R.

Civ. P. 8(a)(2)).

Here, plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) ("[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.")). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

2. Heck v. Humphrey

Plaintiff's malicious prosecution and fraud claims arise from alleged constitutional violations that occurred in connection with his criminal conviction. Complaint (Dkt. No. 1) at ¶ 6. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see also Estes v Doe*, No. 97-CV-8133, 1999 WL 983886, at *3 (S.D.N.Y. Oct. 29, 1999) (quoting *Heck*). "A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983." *Estes*, 1999 WL 983886, at *3.

Here, because plaintiff's complaint does not allege that he has successfully invalidated the conviction he seeks to challenge, and the fact of plaintiff's current incarceration suggests his conviction has not, in fact, been invalidated, his claims in this action are precluded. For this reason, I recommend that plaintiff's complaint be dismissed.

### 3.  Absolute Immunity

Plaintiff's complaint asserts claims against defendant Todd, a sitting Oswego County Court Judge, and defendant Fitzpatrick, the Onondaga County District Attorney, for conduct undertaken in furtherance of their official roles. Complaint (Dkt. No. 1) at ¶ 3. Both, however, are entitled to absolute immunity, warranting dismissal of plaintiff's claims against them on this alternative basis.

"It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v.*

*Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

It is equally well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity

protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

Applying these well-established principles to this case, it is clear that plaintiff's claims against defendants Todd and Fitzpatrick are subject to dismissal. The claims against both stem from plaintiff's criminal trial, during which, his complaint alleges, both defendants were complicit in the presentation of false testimony and inadmissible evidence, and made material misstatements of the law. Complaint (Dkt. No. 1) at ¶ 6. The complaint also alleges that the defendants failed to disclose potentially favorable evidence to the plaintiff. *Id.* Because these acts were conducted in furtherance of defendant Todd's judicial duties, and defendant Fitzpatrick's prosecutorial duties during the judicial phase of the criminal proceeding against plaintiff, both defendants are protected from suit by absolute immunity. *See*, *e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his official capacity."); *Hill*, 45 F.3d at 661-62 ("As to [the prosecutor]'s failure

12

to turn over [exculpatory] material, . . . this omission occurred after the prosecutorial phase of the case had begun and therefore is protected as a discretionary advocacy function."); *Barrett v. U.S.*, 798 F.2d 565, 571-72 (2d Cir. 1986) ("The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can be fairly characterized as closely associated with the conduct of litigation or potential litigation[.]"); *Sheikh v. Foxman*, No. 12-CV-0442, 2012 1166439, at *1-2 (M.D. Fla. Mar. 26, 2012) (finding that "the allegedly wrongful acts by [the defendant-judge]," including his "refusal to admit certain evidence[,] . . . were judicial acts within his authority as the presiding judge"); *Mesmer v. St. Mary's Cnty.*, No. 10-CV-1053, 2010 WL 1881772, at *2 (D. Md. May 7, 2010) ("Indeed, a decision about admission or exclusion of evidence is precisely the kind of decision a judge routinely makes during the course of judicial proceedings.").

C.     Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend *at least* once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also*

Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *Gomez v. USAA Fed. Sav. Bank* , 171 F.3d 794, 796 (2d Cir. 1999) (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead granted where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to

amend where it appears that amendment would prove to be unproductive or futile.").

In this instance, the deficiencies identified above are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, I conclude that any amendment that could be offered by the plaintiff would be futile, and therefore recommend against granting him leave to amend.

III.    SUMMARY AND RECOMMENDATION

Plaintiff's claims in this action, asserted against the sitting judge who presided over his criminal trial, and the district attorney who prosecuted the case against him, are precluded under *Heck v. Humphrey*, based upon plaintiff's failure to allege that his conviction has been invalidated, and additionally because both defendants are entitled to absolute immunity.  It is therefore hereby

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2), is DENIED, as incomplete; and it is further respectfully

RECOMMENDED, that plaintiff's claims against defendants Todd and Fitzpatrick be DISMISSED, without leave to replead, pursuant to 28 U.S.C. § 1915(e)(B)(iii) and 28 U.S.C. § 1915A(b)(2), and that the clerk be

directed to enter judgment and close the action; and it is further

ORDERED, that the clerk of the court serve a copy of this report and recommendation on plaintiff, by regular mail; and it is further

RECOMMENDED that the District Judge certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the court's decision and order adopting this recommendation would not be taken in good faith, and therefore DENY any IFP application for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

David E. Peebles
U.S. Magistrate Judge

Dated:       February 7, 2013
                 Syracuse, New York



Not Reported in F.Supp.2d, 2008 WL 4021053 (N.D.N.Y.)

(Cite as: 2008 WL 4021053 (N.D.N.Y.))

Only the Westlaw citation is currently available.
United States District Court,

N.D. New York.
Alberto RESTO, Plaintiff,
v.
WEISSMANE, Doctor, Upstate C.F.; N. Smith, Nurse
Administrator, Upstate C.F., Chessboard, Registered
Nurse, Upstate C.F., Walsh, Registered Nurse, Upstate
C.F., Defendants.
No. 9:08-CV-0340 (LEK/GHL).

June 2, 2008.
Alberto Resto, Malone, NY, pro se.

### ORDER and REPORT-RECOMMENDATION

GEORGE H. LOWE, United States Magistrate Judge.

**\*1** This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Lawrence E. Kahn, Senior United States District Judge, to hear and determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 2.) For the reasons discussed below, I deny Plaintiff's motion without prejudice, and I recommend that the Court issue an Order *sua sponte* dismissing his Complaint (pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A) if he does not, within thirty (30) days of the date of the Court's final Order with respect to this Report-Recommendation, do the following two things: (1) *either* pay the Court's filing fee of three hundred fifty dollars ($350) *or* file a completed motion for leave to proceed *in forma pauperis* accompanied by a completed Inmate Authorization Form agreeing to pay (over time) the Court's filing fee of three hundred fifty dollars ($350); *and* (2) file an Amended Complaint that complies with Fed.R.Civ.P. 8(a)(2), 10(b), and 12(b)(6).

### I. SUMMARY OF PLAINTIFF'S COMPLAINT

Construed with the extra leniency normally afforded to pleadings drafted by *pro se* civil rights litigants, the Complaint of Alberto Resto ("Plaintiff") alleges that four employees of Upstate Correctional Facility ("Upstate C.F.")-Dr. Weissmane, Nurse Administrator N. Smith, Nurse Chessboard, and Nurse Walsh (collectively "Defendants")-violated his rights under the Eighth and Fourteenth Amendments in two ways: (1) by being deliberately indifferent to his serious medical needs, and (2) by wrongfully disclosing private medical information about him to one or more non-medical-care professionals. (*See generally* Dkt. No. 1, ¶¶ 3, 7 & Exhibits [Plf.'s Compl.]; Dkt. No. 5 [Exs. to Plf.'s Compl.].) FN1

> FN1. For example, in the section labeled "Causes of Action" in his form Complaint, Plaintiff states as follows: "My causes of action against Upstate Correctional Facility types [sic] of prisoner rights medical care source [sic] constitutional rights Eight Amendment informational privacy Fourteenth Amendment chapter [illegible] ...." (Dkt. No. 1, ¶ 7 [Plf.'s Compl.].)

Unfortunately, the body of Plaintiff's handwritten form Complaint (even read with the utmost of special solicitude) fails to set forth factual allegations plausibly suggesting the events giving rise to these legal claims. For example, the section of Plaintiff's Complaint labeled "Facts," appears to read as follows:

> Alberto Resto[,] Claimant[,] filed Claim Number 107447 on March 10, 2003 [.] Claimant demands damages for an assault that claims [sic] was perpetrated on him by [a] correction officer while claimant was confined at Auburn Correctional Facility (Auburn) [.] He also alleges that shortly after the incident some of the property in his cell was destroyed by [the] correction officer[.] He seeks [$]30000 for his damaged property and [$]50,000 for [a] personal injury [he] allegedly suffered in the assault. As testimony indicated that Claimant failed to exhaust his administrative remedies as required by [the] Court of Claims Act 1C9 with reguard [sic] to the a ....

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4021053 (N.D.N.Y.)

(Cite as: 2008 WL 4021053 (N.D.N.Y.))

**\*2** (Dkt. No. 1, ¶ 6 [Plf.'s Compl.].) The recitation of facts abruptly ends mid-sentence. (*Id.*) Other parts of the Complaint reveal that the "Claim" to which Plaintiff refers was filed in the New York State Court of Claims, and was against "Auburn Correctional Facility," "Correction Officer Clarke," "Sgt. Martin," and "Correction Officer Darren Gamache." (*Id.* at ¶ 5 [b][i].) This recitation of facts is so unrelated to Plaintiff's stated Causes of Action, and the exhibits accompanying his Complaint, that I can only conclude that Plaintiff filled out this section of the form Complaint believing it to be a continuation of the section immediately proceeding it, which regarded Plaintiff's "Previous Lawsuits" (and which discussed the complaint he filed with the New York State Court of Claims in March of 2003).

For this reason, I look to the three exhibits attached to Plaintiff's Complaint for factual allegations plausibly elaborating on his legal claims. His Complaint attaches three one-page written decisions issued by the New York State Department of Correctional Services ("DOCS") Central Office Review Committee on March 12, 2008, February 13, 2008, and January 30, 2008, affirming the Upstate C.F. Superintendent's denial of the following three grievances filed by Plaintiff: (1) Grievance Number UST-33728-07, filed December 26, 2007, labeled "Want to See Dr. Vitamin/Ensure"; (2) Grievance Number UST-33889-08, filed January 7, 2008, labeled "Nurse Harassing"; and (3) Grievance Number UST-33298-07, filed November 20, 2007, labeled "Didn't Receive [illegible] Meds/Cream." (*See* Dkt. No. 1, Exhibits [Plf.'s Compl.].) These documents only obliquely hint at what might have been Plaintiff's serious medical needs (giving rise to the Eighth Amendment medical care claim in his Complaint): a need for vitamins, the nutritional drink "Ensure," an unidentified medication, and an unidentified "cream." (*Id.*) In addition, these documents obliquely hint at what might have been the event giving rise to Plaintiff's invasion-of-privacy claim: an incident when a medical staff member spoke so loudly during a sick call visit to Plaintiff that one or more nearby correctional officers (supervising the visit in order to maintain prison security) overheard Plaintiff's medical condition. (*Id.*) These documents do not elaborate further on the facts giving rise to Plaintiff's claims, such as (1) under what disease or

infirmity Plaintiff was laboring during the time in question, (2) which individuals committed the wrongs at issue, or (3) when the wrongs occurred. (*Id.*)

Also accompanying Plaintiff's Complaint are 66 pages of documents (which Plaintiff submitted to the Court approximately a week after filing his Complaint, and which were accepted and docketed by the Court as "exhibits" in support of his Complaint, out of an extension of special solicitude to Plaintiff as a *pro se* civil rights litigant). (Dkt. No. 5.) These documents consist of approximately 36 handwritten grievance complaints authored by Plaintiff on the following dates: October 30, 2007; November 15, 2007; December 2, 2007; December 4, 2007; December 10, 2007; December 15, 2007; December 18, 2007; January 1, 2008; January 5, 2008; January 13, 2008; February 14, 2007; February 27, 2008; March 11, 2008; March 15, 2008; March 21, 2008. (*Id.*) They also consist of two memoranda from Defendant Smith to Plaintiff, dated December 18, 2007, and February 14, 2008. (*Id.*) Generally, the grievance complaints allege that, on various (often unidentified) dates, Defendants Walsh, Smith, Chessman, and/or unidentified medical staff members (1) in some way denied him medical care for what Plaintiff calls his "althiec [sic] feet," "dry skin," "soore [sic] throat," "stuffy nose," and/or (2) denied his requests for "foot powder," an "ointment bactiera [sic] cream for dry skin [and] for rash [on feet]," "Ensure nutritional supplement," a "multiply [sic] vitamin," "ear drop[s] [for ear] wax," and/or "optometrist eye glasses [sic]." (*Id.*)

**\*3** However, the grievance complaints are barely, if at all, legible; they are arranged out of chronological order; they wander freely from one event to the next; and they often omit details such as the time and place of a wrongful act, as well as the identity of the actor. (*Id.*) In addition, the grievance complaints are not referenced in any specific way in the body of Plaintiff's Complaint. (Dkt. No. 1.)

## II. DISCUSSION

### A. Deficiencies in Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff has failed to complete the Northern District's

Not Reported in F.Supp.2d, 2008 WL 4021053 (N.D.N.Y.)

(Cite as: 2008 WL 4021053 (N.D.N.Y.))

form Application to Proceed without Full Payment of Fees. (Dkt. No. 2.) Specifically, he has failed to answer Question Numbers 2.b., 3.a., 3 .b., 3.c., 3.d.. 3.e., 3.f., 4, 5 and 6. (*Id.*) In addition, he has failed to have the appropriate official at Upstate C.F. complete and sign the Certificate at the end of the form. (*Id.*) While I do not find that the failure to answer any one question on the Northern District's form Application constitutes a *per se* failure to show cause for the granting of a motion to proceed *in forma pauperis,* I do find that Plaintiff's failure to complete the eleven portions of the form specified above simply leaves me without sufficient information necessary to find that he is without enough funds to pay the Court's filing fee of three hundred fifty dollars ($350). I note that Plaintiff has indicated, in his motion, that he has two hundred dollars ($200) in his facility bank account. (*Id.* at 2.)

Furthermore, the Inmate Authorization Form that Plaintiff submitted with his motion was an *outdated* form, which stated that Plaintiff consents to pay (over time) the District's *former* filing fee of one hundred fifty dollars ($150), not its *current* filing fee of three hundred fifty dollars ($350). (Dkt. No. 3.) By Order filed March 27, 2008, I specifically notified Plaintiff of this error, and directed him to complete and file a current form by April 27, 2008, upon penalty of possible dismissal of his Complaint. (Dkt. No. 4 [Order filed March 27, 2008].) However, to date he has failed to complete and file a current form.

For each of these alternative reasons, I deny Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice. In addition, I recommend that the Court issue an Order dismissing Plaintiff's Complaint if he does not, within thirty (30) days of the date of the Court's final Order with respect to this Report-Recommendation, *either* (1) pay the Court's filing fee of three hundred fifty dollars ($350), *or* (2) file a completed motion for leave to proceed *in forma pauperis* accompanied by a completed Inmate Authorization Form agreeing to pay (over time) the Court's filing fee of three hundred fifty dollars ($350).

**B. Deficiencies in Plaintiff's Complaint**

Setting aside the deficiencies in Plaintiff's motion for leave to proceed *in forma pauperis,* I find that Plaintiff's

Complaint is subject to *sua sponte* dismissal (pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A) due to the following five pleading deficiencies:

**\*4** (1) The body of Plaintiff's Complaint is so devoid of factual detail, and the 36-odd grievance complaints accompanying the Complaint are so illegible and lacking in essential details, and wander so freely from one circumstance to the next, that, as a whole, the Complaint is confusing, ambiguous, vague and/or otherwise unintelligible under Fed.R.Civ.P. 8(a)(2) and 10(b);

(2) To the extent that Plaintiff is indeed trying to assert claims arising out of the events at issue in the complaint he filed with the New York State court of claims in March of 2003, those claims appear to be barred by the three-year limitations period governing claims brought under 42 U.S.C. § 1983 in federal courts sitting in New York State;

(3) To the extent that Plaintiff's inadequate-medical-care claim arises out of a disagreement with Defendants over how his medical conditions should be treated (which appears to be the main thrust of what Plaintiff is alleging), such a disagreement is simply not actionable under 42 U.S.C. § 1983;[FN2]

> FN2. *Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F.Supp.2d 303, 312 (S.D.N.Y.2001) ("[D]isagreements [between a prisoner and prison officials] over medications ... are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") [citation omitted]; *see also Farmer v. Brennan,* 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4021053 (N.D.N.Y.)

(Cite as: 2008 WL 4021053 (N.D.N.Y.))

prisoner."); *Murphy v. Grabo,* 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, J .) ("Deliberate indifference, whether evidenced by [prison] medical staff or by [prison] officials who allegedly disregard the instructions of [prison] medical staff, requires more than negligence.... Disagreement with prescribed treatment does not rise to the level of a constitutional claim.... Additionally, negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate.... Thus, claims of malpractice or disagreement with treatment are not actionable under section 1983.") [citations omitted].").

(4) To the extent that Plaintiff's breach-of-privacy claim arises out of an incident when a medical staff member *negligently* spoke so loudly during a sick call visit to Plaintiff that one or more nearby correctional officers (supervising the visit in order to maintain prison security) overheard Plaintiff's medical condition, such negligence (whether it is the subject of a claim asserted under the Fourteenth Amendment or the Fourth Amendment) is not actionable under 42 U.S.C. § 1983; FN3 and

FN3. *See Daniels v. Williams,* 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting Section 1983 claim based on alleged due process violation under Fourteenth Amendment); *Franks v. Delaware,* 438 U.S. 154, 171 (1978) ("Allegations of negligence or innocent mistake are insufficient [to state a claim under the Fourth Amendment]."); *Riddick v. Modeny,* No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials."); *Billington v. Smith,* 292 F.3d 1177, 1190 (9th Cir.2002) ("The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability.").

(5) To the extent that Plaintiff is, in this action, trying to assert claims arising out of the events that were the subject of his handwritten grievance complaints dated March 11, 15, and 21 of 2008, Plaintiff's allegations about the efforts he took to exhaust his available administrative remedies regarding those grievances are so specific (*see, e.g.,* Dkt. No. 1, ¶ 4.b.ii. & Exhibits [Plf.'s Compl.] )-and yet so conspicuously devoid of any explanation of how he could have possibly appealed to, and have heard from, DOCS' Central Office Review Committee regarding those grievances by March 24, 2008 (the date his Complaint in this action was postmarked)-that he has effectively "pled himself out of court" with regard to those claims.FN4

FN4. A prisoner has no independent *duty* to plead facts plausibly suggesting that he exhausted his available administrative remedies, in order to state an actionable claim under 42 U.S.C. § 1983. *See Jones v. Block,* 127 S.Ct. 910, 919-21 (2007). "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Block,* 127 S.Ct. at 919-21. If a prisoner *chooses* to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his Complaint may be dismissed for failure to state a claim. *Id.* at 920-21. Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed.R.Civ.P. 12(b)(6) dismissal premised on failure to exhaust. However, if he says too much about exhaustion in that complaint so that his non-exhaustion is readily apparent, he may plead himself out of court.

For all of these reasons, I recommend that the Court issue an Order *sua sponte* dismissing Plaintiff's Complaint unless, within thirty (30) days of the date of the Court's final Order with regard to this Report-Recommendation, he files an Amended Complaint that complies with Fed.R.Civ.P. 8(a)(2), 10(b), and 12(b)(6) (in addition to satisfying the condition described above in Part II.A. of this Order and Report-Recommendation).

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4021053 (N.D.N.Y.)

(Cite as: 2008 WL 4021053 (N.D.N.Y.))

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** without prejudice; and it is further

**RECOMMENDED** that the Court issue an Order *sua sponte* **DISMISSING** Plaintiff's Complaint (Dkt. No. 1), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A, if he does not, within **THIRTY (30) DAYS** of the date of the Court's final Order with respect to this Report-Recommendation, do both of the following two things:

**\*5** (1) Either (a) pay the Court's filing fee of three hundred fifty dollars ($350) or (b) file a completed motion for leave to proceed *in forma pauperis* accompanied by a completed Inmate Authorization Form agreeing to pay (over time) the Court's filing fee of three hundred fifty dollars ($350); *AND*

(2) File an Amended Complaint that complies with Fed.R.Civ.P. 8(a)(2), 10(b), and 12(b)(6).

**BE ADVISED** that any objections to this Report-Recommendation must be filed with the Clerk of this Court within **TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation.** *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); N.D.N.Y.L.R. 72.1(c); Fed.R.Civ.P. 6(a)(2), (d).

**BE ALSO ADVISED** that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.[FN5]

FN5. *See, e.g., Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137-38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.

3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at \* 18, n. 8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; *see also Murr v. U.S.,* 200 F.3d 895, 902, n. 1 (6th Cir.2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v.. Whitley,* 28 F.3d 532, 535 (5th Cir.1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] ... Respondent has waived procedural default ... objection [ ].") [citations omitted]; *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir.1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of H.H.S.,* 892 F.2d 15 [2d Cir.1989] ).

### DECISION AND ORDER

LAWRENCE E. KAHN, District Judge.

This matter comes before the Court following a Report-Recommendation filed on June 2, 2008 by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 6). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Alberto Resto, which were filed on June 17,

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4021053 (N.D.N.Y.)

(Cite as: 2008 WL 4021053 (N.D.N.Y.))

2008. Objections (Dkt. No. 8).[FN1]

> [FN1.](#) The filing received from Plaintiff includes a completed Inmate Authorization form, and several hand-written pages which primarily state the general legal assertion that an Eighth Amendment claim for deliberate indifference contains objective and subjective components and list what appear to be instructions Plaintiff received regarding filling out the necessary forms for proceeding *in forma pauperis*. The Court has liberally construed this filing as Plaintiff's Objections to the Report-Recommendation.

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.

Accordingly, it is hereby

**ORDERED,** that the Report-Recommendation (Dkt. No. 6) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED,** that Plaintiff's Motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED without prejudice;** and it is further

**ORDERED,** that Plaintiff's Complaint (Dkt. No. 1) will be **DISMISSED** without further action of this Court if Plaintiff does not, within **THIRTY (30) DAYS** of the date of this Order, both: (1) Either (a) pay the Court's filing fee of three hundred fifty dollars ($350) or (b) file a completed motion for leave to proceed *in forma pauperis;* **AND** (2) File an Amended Complaint that complies with Fed.R.Civ.P. 8(a)(2), 10(b), and 12(b)(6); and it is further

**\*6 ORDERED,** that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

N.D.N.Y.,2008.

Resto v. Weissmane
Not Reported in F.Supp.2d, 2008 WL 4021053 (N.D.N.Y.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 627549 (N.D.N.Y.)

(Cite as: 1997 WL 627549 (N.D.N.Y.))





**c**

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Michael RAMOS, Plaintiff,
v.
John DOE, Clinton Correctional Facility, Defendant.
No. 97–CV–1074 (RSP/DNH).

Oct. 9, 1997.
Michael Ramos, Elmira Correctional Facility, Elmira, NY,
Plaintiff, pro se.

**DECISION and ORDER**

POOLER, J.

**I. Background.**

*1 Michael Ramos, who is currently incarcerated at the
Elmira Correctional Facility, has filed a civil rights complaint
together with an application to proceed *in forma pauperis* with
this action.

In his *pro se* complaint, Ramos claims that on June 4,
1994, while he was incarcerated at the Clinton Correctional
Facility, he was struck by a nightstick. Ramos further claims
that the officer on duty at that time refused Ramos' request to
be seen by a nurse for treatment of the resulting injury. When
Ramos was permitted to seek medical treatment three days
later, he claims that the nurse refused to treat him and made an
ethnically derogatory remark to him. Neither the officer nor the
nurse are identified in Ramos' complaint. For a more complete
statement of Ramos' claims, see his complaint.

**II. Discussion.**

(A) Civil rights complaint.

Rule 8 of the Federal Rules of Civil Procedure provides
that a pleading which sets forth a claim for relief shall contain,
*inter alia,* "a short and plain statement of the claim showing
that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2).
The purpose of this Rule "is to give fair notice of the claim
being asserted so as to permit the adverse party the opportunity

to file a responsive answer, prepare an adequate defense and
determine whether the doctrine of res judicata is applicable."
*Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16
(N.D.N.Y.1995) (McAvoy, C.J.) (quoting *Brown v. Califano,*
75 F.R.D. 497, 498 (D.D.C.1977)); *see Franklin Elect.
Publishers, Inc. v. Unisonic Prods. Corp.,* 763 F.Supp. 1, 4
(S.D.N.Y.1991).

Moreover, Rule 10 of the Federal Rules of Civil Procedure
provides, in part:

**(b) Paragraphs; Separate Statements.** All averments of
claim or defense shall be made in numbered paragraphs, the
contents of each of which shall be limited as far as
practicable to a statement of a single set of circumstances;
and a paragraph may be referred to by number in all
succeeding pleadings. Each claim founded upon a separate
transaction or occurrence and each defense other than
denials shall be stated in a separate count or defense
whenever a separation facilitates the clear presentation of the
matters set forth.

The purpose of Rule 10 is to "provide an easy mode of
identification for referring to a particular paragraph in a prior
pleading...." *Sandler v. Capanna,* 1992 WL 392597, *3
(E.D.Pa. Dec.17, 1992)* (citing 5 C. Wright & A. Miller,
*Federal Practice and Procedure,* § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules
"presents far too a heavy burden in terms of defendants' duty
to shape a comprehensive defense and provides no meaningful
basis for the Court to assess the sufficiency of" a plaintiff's
claims, and may properly be dismissed by the Court. *Gonzales
v. Wing et al.,* 167 F.R.D. 352, 355 (N.D.N.Y.1996) (McAvoy,
C.J.). As the Second Circuit has stated, "[w]hen a complaint
does not comply with the requirement that it be short and plain,
the court has the power, on its own initiative, ... dismiss the
complaint." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d
Cir.1988); *see Simmons II v. Abruzzo,* 49 F.3d 83, 86 (2d
Cir.1995).

*2 A review of the complaint filed herein reveals that the
pleading clearly fails to satisfy the requirements of the

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 627549 (N.D.N.Y.)

(Cite as: 1997 WL 627549 (N.D.N.Y.))

above-mentioned Federal Rules. While Ramos seems to be claiming that his constitutional rights have been violated, he does not set forth sufficient facts upon which this Court may rely in determining whether such a violation has occurred. Indeed, Ramos has not named a single defendant to this action in the body of his complaint.[FN1] Ramos also fails to clearly state the relief he seeks in the present action.

> FN1. Ramos' complaint does not even include a caption of any kind; the Clerk of the Court designated "John Doe, Clinton Correctional Facility" as the defendant herein.

Since Ramos' complaint plainly does not comply with the requirements of the above-mentioned rules, and for the reasons stated above, Ramos is advised that unless he files an amended complaint *within thirty (30) days* of the date of the service of this Order, this action will be dismissed.

Any such amended complaint, *which shall supersede and replace in its entirety the previous complaint filed by Ramos,* must contain a caption that clearly identifies, by name, each individual that Ramos is suing in the present lawsuit.[FN2] The body of Ramos' complaint must contain *sequentially numbered paragraphs containing only one act of misconduct per paragraph.* Thus, if Ramos claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred and (v) the nexus between such misconduct and Ramos' civil and/or constitutional rights.

> FN2. Ramos is advised that the U.S. Marshals cannot effect service on a "John Doe" defendant. In the event that Ramos wishes to pursue his claims against one or more individuals, he shall take reasonable steps to ascertain their identities utilizing the discovery available to him under the Federal Rules of Civil Procedure. Ramos may then file a motion to amend his complaint and seek leave of the Court to add such individuals, by name, as defendants to this lawsuit. Ramos is further advised that if these individuals are

not timely served, this action will be dismissed as against them.

While Ramos may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his claims. Thus, Ramos must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. Ramos may, of course, attach exhibits to his amended complaint; however, the undersigned will not independently examine exhibits that Ramos does not specifically reference (by the exhibit's page number) in his amended complaint.

Ramos' amended complaint shall also assert claims against each and every defendant named in such complaint, and shall be filed with the Court *within thirty (30) days* from the date of the service of this Order. *Any defendants not named in such pleading shall not be defendants in the instant action.* Ramos is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Ramos shall submit only one amended complaint in accordance with the terms of this Order. Therefore, *Ramos shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes this Court to consider as a basis for awarding him relief herein.*

*3 Additionally, I note that it is impossible to determine whether this action might be barred by the applicable statute of limitations. Ramos' complaint was filed with the Court in July 1997. The allegations of misconduct contained therein relate to events that purportedly occurred in June 1994. The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1156 (2d Cir.1995). Therefore, at first blush, it appears as though this action must be dismissed as being barred by the statute of limitations. However, the law in this circuit provides that a complaint is to be deemed "filed" when it is delivered to prison officials. *Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir.1993). It is unclear when Ramos signed the complaint,[FN3] or delivered same to officials at the correctional facility where he was then incarcerated. Since the complaint may have been timely filed under *Dory,* I

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 627549 (N.D.N.Y.)

(Cite as: 1997 WL 627549 (N.D.N.Y.))

order Ramos to provide documentation indicating the date on which he delivered the original complaint to prison officials for mailing to this Court.

> FN3. Although a notary stamp was affixed to the complaint on October 18, 1996, inasmuch as the complaint appears to have been originally signed by another individual (over whose signature appears that of Ramos), the notary stamp may have predated Ramos' signature.

(B) *In forma pauperis* application.

Turning to Ramos' *in forma pauperis* application, in light of the Prison Litigation Reform Act ("PLRA"),[FN4] 28 U.S.C. § 1915(b) now provides that an inmate who seeks *in forma pauperis* status is required to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $150.00 for most civil actions. Additionally, the Northern District of New York requires all such inmates to execute a signed, fully completed and properly certified *in forma pauperis* application as well as the authorization form issued by the Clerk's Office in light of the PLRA. *See* General Order No. 49 (as amended on Jan. 11, 1997) ("Amended General Order").

> FN4. Pub.L. No. 104–134, 110 Stat. 1321.

The *in forma pauperis* application filed by Ramos was not signed by him nor was it certified by an authorized officer of the Elmira Correctional Facility. Moreover, Ramos has not provided the Court with the authorization form issued by the Clerk's Office in light of the PLRA and pursuant to this Court's Amended General Order. Therefore, the Court hereby orders Ramos to submit either the full filing fee of $150.00 or the attached (i) *in forma pauperis* application and (ii) authorization form. *See* Amended General Order.

If Ramos fails to either prepay the $150.00 filing fee in full, or fully comply with 28 U.S.C. § 1915 and the terms of this District's Amended General Order as outlined above, *within thirty (30) days* of the date of the service of this Order, this action will be dismissed without further Order of this Court.

If Ramos commences any actions in this District in the future wherein he requests the Court's permission to proceed in *forma pauperis,* such action must be accompanied by (i) a properly completed, signed and certified *in forma pauperis* application and (ii) a signed authorization form. Ramos is further placed on notice that he will be required to pay, over time, the full filing fee of $150.00 for future civil actions that he commences, regardless of the outcome of same. Finally, Ramos is cautioned that, in accordance with the terms of 28 U.S.C. § 1915(g), he will be barred from bringing future actions in this or other Districts if he is found to have brought, on 3 or more prior occasions, actions that were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A(b)(1) unless Ramos alleges in any such future lawsuit that he is under imminent danger of serious physical injury.

**\*4** WHEREFORE, it is hereby

ORDERED, that Ramos file with the Court *within thirty (30) days* from the date of the service of this Order, an amended complaint which complies fully with Rules 8 and 10 of the Federal Rules of Civil Procedure as detailed above, and it is further

ORDERED, that if Ramos fails to file such an amended complaint *within thirty (30) days* from the date of the service of this Order, the instant action be dismissed without further order of this Court due to Ramos' failure to comply with the requirements of the above-mentioned Federal Rules, and it is further

ORDERED, that Ramos file with the Court *within thirty (30) days* from the date of the service of this Order, documentation indicating the date on which he delivered the original complaint filed in this action to prison officials for mailing to this Court, and it is further

ORDERED, that if Ramos fails to file such documentation *within thirty (30) days* from the date of the service of this Order, the instant action be dismissed without further order of this Court, and it is further

ORDERED, that Ramos take reasonable steps to ascertain the identities of any other individual(s) that purportedly violated Ramos' civil and/or constitutional rights, and it is further

ORDERED, that if Ramos fails to allege specific acts of

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 627549 (N.D.N.Y.)

(Cite as: 1997 WL 627549 (N.D.N.Y.))

misconduct as to any of the individuals named in any amended complaint filed herein, the instant action be dismissed with respect to the individuals against whom Ramos has failed to allege specific acts of misconduct, and it is further

ORDERED, that Ramos either prepay the $150.00 filing fee in full, or provide the Clerk with a signed *in forma pauperis* application and authorization form, *within thirty (30) days* of the date of the service of this order, and it is further

ORDERED, that if Ramos fails to either prepay the $150.00 filing fee in full, or provide the Clerk with a signed and completed *in forma pauperis* application and authorization form *within thirty (30) days* of the date of the service of this Order, the instant action be dismissed without further order of this Court, and it is further

ORDERED, that upon the filing of Ramos' amended complaint and documentation as directed above, and either the prepayment of the $150.00 filing fee or the filing of a signed *in forma pauperis* application and authorization form, the file in this matter be returned to the undersigned for further review, and it is further

ORDERED, that any future action filed by Ramos shall comply with the District's Amended General Order No. 49, and it is further

ORDERED, that the Clerk serve a copy of this Order on Ramos by regular mail.

IT IS SO ORDERED.

### INMATE AUTHORIZATION

I, *Michael Ramos,* authorize the agency holding me in custody to send to the Clerk of the United States District Court for the Northern District of New York ("Clerk"), at his request, certified copies of statements of my trust fund account (or institutional equivalent) at the institution where I am currently incarcerated.

**\*5** If I have not been incarcerated at my current place of confinement for at least six (6) months, I authorize such agency to provide said Clerk, at his request, with copies of such account statements from the institution(s) in which I had previously been incarcerated.

I further request and authorize the agency holding me in custody to calculate, encumber and/or disburse funds from my trust fund account (or institutional equivalent) in the amounts specified by 28 U.S.C. § 1915(b). This authorization is furnished in connection with the commencement of the civil action submitted herewith (or noted below), and I understand that the total filing fee which I am obligated to pay is $150.00. I also understand that this fee will be debited from my account regardless of the outcome of my lawsuit. This authorization shall apply to any other agency into whose custody I may be transferred.

**Signature:** _____

**NOTE:** You **must sign your name** on the above line.

### APPLICATION TO PROCEED WITHOUT FULL PREPAYMENT OF FEES; AFFIDAVIT AND AUTHORIZATION FORM

I, MICHAEL RAMOS, declare that I am the (check appropriate box)
petitioner/plaintiff/movant other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the c omplaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 627549 (N.D.N.Y.)

(Cite as: 1997 WL 627549 (N.D.N.Y.))

1. Are you currently incarcerated?:          Yes                              No

**Notice to Inmates:** *The Certificate portion of this affidavit must be completed.*

2. Are you currently employed?:          Yes                              No

3. In the past twelve months have you received any money from any of the following sources?

4. Do you have any cash, checking or          Yes                              No
savings accounts?

If "Yes" state the total amount. $_____

5. Do you own any real estate, stocks,          Yes                              No
bonds, securities, other financial
instruments, automobiles or **any other
assets**?

If "Yes" describe the property and state its value (attach additional sheets if needed):

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

**I declare under penalty of perjury that the above information is true and correct.**

DATE _____

SIGNATURE OF APPLICANT _____

**CERTIFICATE**

(incarcerated applicants only)
(To be completed by appropriate official at the institution of incarceration)
I certify that the applicant named herein has the sum of $_____ on account to his/her credit at (name of institution) _____. I further certify that the applicant has the following securities to his/her credit: _____. I further certify that **during the past *six* months** the applicant's average balance was $_____.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 627549 (N.D.N.Y.)

(Cite as: 1997 WL 627549 (N.D.N.Y.))

**\*6** DATE _____

SIGNATURE OF AUTHORIZED OFFICER _____

**Notice to Inmates:**

Pursuant to the Prison Litigation Reform Act, <u>Pub.L. No. 104–134, 110 Stat. 1321</u>; inmates are required to pay, over a period of time, the full filing fee.
N.D.N.Y.,1997.

Ramos v. Doe
Not Reported in F.Supp., 1997 WL 627549 (N.D.N.Y.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2008 WL 268215 (N.D.N.Y.)

(Cite as: 2008 WL 268215 (N.D.N.Y.))

**c**

Only the Westlaw citation is currently available.
United States District Court,

N.D. New York.
Dennis NELSON, Plaintiff,
v.
Eliot SPITZER; David Rock, Superintendent, Great
Meadow Correctional Facility; P. Brady, Correctional
Officer, Great Meadow Correctional Facility, Brian
Fischer; Richard Potter; J. Gumlaw; M. Cleveland; et
al., Defendants.
No. 9:07-CV-1241 (TJM)(RFT).

Jan. 29, 2008.
Dennis Nelson [FN1], Comstock, NY, pro se.

> **FN1.** Plaintiff has filed twenty-two other civil
> rights actions in this District. Several of
> plaintiff's filings relate to the medical condition
> of his leg. *See Nelson v. Lee, et al.,*
> 9:05-CV-1096 (NAM)(DEP); *Nelson v. Roberts,*
> 9:06-CV-0518 (GLS)(DRH); and *Nelson v.*
> *Smith, et al.,* 9:06-CV-0477 (GLS)(GHL).

**DECISION and ORDER**

THOMAS J. McAVOY, Senior District Judge.
**I. Background.**
 **\*1** Presently before the Court is complaint, together
with an *in forma pauperis* application, filed by plaintiff
Dennis Nelson, who is presently incarcerated at the Great
Meadow Correctional Facility. Dkt. No. 1. Plaintiff also
requests injunctive relief. Dkt. No. 4.
 As is more fully discussed below, plaintiff must pay
the $350.00 filing fee in full, and submit an amended
complaint, before this action may be permitted to proceed.

**II. Discussion.**

**A.** *In forma pauperis* **application**

 Section 1915(e) directs that, when a plaintiff seeks to
proceed *in forma pauperis,* "(2) ... the court shall dismiss
the case at any time if the court determines that-... (B) the
action ... (i) is frivolous or malicious; (ii) fails to state a
claim on which relief may be granted; or (iii) seeks
monetary relief against a defendant who is immune from
such relief." 28 U.S.C. § 1915(e)(2)(B).[FN2] Thus, the court
has a responsibility to determine that a complaint may be
properly maintained in this district before it may permit a
plaintiff to proceed with an action *in forma pauperis.*[FN3]
*See id.* Although the court has the duty to show liberality
towards *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605,
606 (2d Cir.1990) (per curiam), and extreme caution
should be exercised in ordering *sua sponte* dismissal of a
pro se complaint before the adverse party has been served
and the parties have had an opportunity to respond,
*Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983),
there is a responsibility on the court to determine that a
claim is not frivolous before permitting a plaintiff to
proceed with an action *in forma pauperis. See e.g. Thomas*
*v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam)
(holding that a district court has the power to dismiss a
complaint *sua sponte* if the complaint is frivolous).

> **FN2.** In determining whether an action is
> frivolous, the court must look to see whether the
> complaint lacks an arguable basis either in law or
> in fact. *Neitzke v. Williams,* 490 U.S. 319, 325
> (1989).

> **FN3.** Dismissal of frivolous actions pursuant to
> 28 U.S.C. § 1915(e) is appropriate to prevent
> abuses of the process of the court, *Harkins v.*
> *Eldredge,* 505 F.2d 802, 804 (8th Cir.1974), as
> well as to discourage the waste of judicial
> resources. *Neitzke,* 490 U.S. at 327.

 In the present case, the Court finds that plaintiff's
financial status would qualify him to file or "commence"
this action without prepaying in full the filing fee.
However, 28 U.S.C. § 1915(g), as amended, provides:

 In **no event** shall a prisoner bring a civil action or

Not Reported in F.Supp.2d, 2008 WL 268215 (N.D.N.Y.)

(Cite as: 2008 WL 268215 (N.D.N.Y.))

appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[FN4]

> FN4. The statute provides the imminent danger exception as "a safety valve for the 'three-strikes' rules to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis,* 293 F.3d 559, 562-563 (2d Cir.2002). "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Johnson v. Barney,* 2005 WL 2173950, *1 (S.D.N.Y.2005). *See also, McFadden v. Parpan,* 16 F.Supp.2d 246, 247 (E.D.N.Y.1998) (imminent danger must be at the time plaintiff seeks to file the suit, not at the time of the alleged incidents).

28 U.S.C. § 1915(g) (emphasis added). Accordingly, the Court has a responsibility to determine that a plaintiff has not brought actions, on three or more occasions, which have been dismissed as frivolous, malicious or for failure to state a claim before permitting that plaintiff to proceed with an action *in forma pauperis. Id.*

A review of plaintiff's prior proceedings reveals that plaintiff does have three "strikes" and, thus, should not be permitted to proceed with this action *in forma pauperis. See Nelson v. Lee,* 9:05-CV-1096 (DEP)(NAM), Dkt. Nos. 44 and 47; *Nelson v. Hamel,* 9:07-CV-540 (GLS)(RFT), Dkt. No. 4; and *Nelson v. Conway,* No. 04-CV-6163CJS(Fe) (W.D.N.Y. Apr. 21, 2004) (Defendants' Motion (Dkt. No. 40) Ex. B). This Court has reviewed, and concurs with, the findings of Chief District Judge Mordue, District Judges Sharpe and Siragusa, and Magistrate Judge Peebles, with respect to the prior actions filed by this plaintiff and dismissed by the federal courts, as detailed in the aforesaid cases.[FN5]

> FN5. In *Nelson v. Lee,* 9:05-CV-1096,

Magistrate Judge Peebles stated that the "finding [in *Nelson v. Conway,* No. 04-CV-6163, that plaintiff had three strikes, was] entitled to preclusive effect ." *Nelson v. Lee,* No. 9:05-CV-1096, Dkt. No. 44 at 10 (citing *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 288-89)).

*2 Further, the Court has reviewed the complaint to determine whether plaintiff is under an imminent danger of serious physical injury. In his complaint, plaintiff alleges that staff at Great Meadow Correctional Facility are threatening to harm plaintiff if he tries to leave his cell for medical appointments to treat gangrene in his lower left leg.[FN6] Dkt. No. 1 at 5-6. Plaintiff has previously filed allegations regarding this injury, claiming denial of adequate medical treatment and alleging potential amputation of his left leg. *See Nelson v. Lee,* 9:05-CV-1096; *Nelson v. Nesmith,* 9:06-CV-1177;[FN7] *Nelson v. Conway,* No. 04-CV-6163CJS(Fe) (W.D.N.Y. Apr. 21, 2004). After reviewing the allegations contained in plaintiff's present complaint, the court concludes that plaintiff's claims do not fall within the "imminent danger" exception.

> FN6. In his request for injunctive relief, plaintiff indicates that the medical appointments are required to change the dressing on his lower left leg. Dkt. No. 4 at 5.

> FN7. A motion by the defendants seeking revocation of plaintiff's *in forma pauperis* status and conditional dismissal of his complaint under 28 U.S.C. § 1915(g), absent plaintiff's prepayment in full of the applicable filing fee, is currently pending in *Nelson v. Nesmith. See id.* at Dkt. No. 23.

**B. Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.,* 885 F.Supp. 537, 573 (S.D.N.Y.1995) (citing *Wilder v. Virginia Hosp.*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 268215 (N.D.N.Y.)

(Cite as: 2008 WL 268215 (N.D.N.Y.))

*Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz,* No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J .) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted). Parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl,* 13 F.3d 625, 628 (2d Cir.1994) (noting state action requirement under § 1983); *Wise v. Battistoni,* No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.,* No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y.1994)) (McAvoy, C.J.) (citation omitted)). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)) (other citations omitted).

Plaintiff's present complaint fails to allege **specific acts** by **specific defendants,** and thus fails to show personal involvement for most of the defendants in the alleged violation of plaintiff's constitutional rights. In fact, the only defendants mentioned in the body of the complaint are Brady and Gumlaw.[FN8] Dkt. No. 1 at 5-6.

> FN8. As to these defendants, plaintiff merely alleges that they are threatening to harm him if he leaves his cell for medical appointments. Dkt. No. 1 at 5-6. Words alone, however violent, are not held to amount to an assault. *Hurdle v. Ackerhalt,* No. 92-CV-1673, 1993 WL 71370, *1 (N.D.N.Y. Mar. 8, 1993) (McAvoy, D.J.) (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *cert. denied,* 414 U.S. 1033 (1973)). 42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse. *Alnutt v. Cleary,* 913 F.Supp. 160, 165-66 (W.D.N.Y.1996) (citations omitted). Mere allegations of threats and harassment do not rise to the level of a constitutional violation, and are not cognizable under 42 U.S.C. § 1983. *Hurdle,* 1993 WL 71370, *1 (citing *Morgan v. Ward,* 699 F.Supp 1025, 1055 (N.D.N.Y.1988) (Munson, J .); *Nelson v. Herdzik,* 559 F.Supp. 27 (W.D.N.Y.1983); *Williams v. Pecchio,* 543 F.Supp. 878 (W.D.N.Y.1982)).

Plaintiff's complaint is not sufficient to state a claim for the violation of plaintiff's constitutional or statutory rights by the named defendants. Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e). In light of plaintiff's *pro se* status, **upon payment of the full filing fee of $350.00 for this action,** the Court will allow plaintiff an opportunity to file an amended complaint. Plaintiff's amended complaint must allege specific facts demonstrating that a case or controversy exists between plaintiff and the named defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction.

**\*3** Any such amended complaint, **which shall replace in its entirety the previous complaint filed by plaintiff,** must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of plaintiff's complaint must contain a short and plain statement of facts in support of plaintiff's claims, set forth in sequentially numbered paragraphs. Each paragraph shall set forth one act of misconduct or wrongdoing about which plaintiff complains, and shall include (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred and (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

**C. Injunctive relief**

Plaintiff has requested that this Court issue a preliminary injunction against the defendants. Dkt. No. 4. However, as the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir.1992), in order to be granted a preliminary injunction, the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 268215 (N.D.N.Y.)

(Cite as: 2008 WL 268215 (N.D.N.Y.))

tipping decidedly toward the party seeking injunctive relief. *Id.* at 77 (affirming district Court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre, 850 F.Supp. 143, 144 (N.D.N.Y.1994)* (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

The Court has found that the complaint filed by plaintiff is insufficient and that an amended complaint must be filed for this action to proceed. Without a valid complaint, plaintiff can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. Therefore, the Court denies plaintiff's motion for injunctive relief without prejudice to file a new motion after plaintiff has filed an amended complaint and it has been accepted by Order of this Court.[FN9]

> [FN9.] Plaintiff must also pay the full filing fee of $350.00 as directed above.

### III. Conclusion.

Plaintiff is advised that his failure to (1) prepay the $350.00 filing fee in full **and** (2) file an amended complaint, **within thirty (30) days** of the filing date of this Decision and Order, may result in the dismissal of this action, with prejudice. *See* Fed.R.Civ.P. 41(b).

WHEREFORE, it is hereby

ORDERED, that plaintiff's application to proceed *in forma pauperis* is DENIED, and it further

ORDERED, that should plaintiff wish to proceed with this action, he **must, within thirty (30) days** of the filing date of this Decision and Order, (1) prepay the $350.00 filing fee in full **and** (2) file an amended complaint which complies with the pleading requirements of the Federal Rules of Civil Procedure and the terms of this Decision and Order, and it is further

**\*4** ORDERED, that should plaintiff fail to comply with the terms of this Decision and Order, the Clerk return the file to this Court for further consideration, including whether this action should be dismissed, with prejudice, pursuant to Rule 41(b), and it is further

ORDERED, that upon plaintiff's prepayment of the $350.00 filing fee in full **and** the filing of an amended complaint, this matter be returned to the Court for further review, and it further,

ORDERED, that plaintiff's motion for injunctive relief (Dkt. No. 4) is denied without prejudice for the reasons stated above, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff.

N.D.N.Y.,2008.

Nelson v. Spitzer
Not Reported in F.Supp.2d, 2008 WL 268215 (N.D.N.Y.)
END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1995 WL 236245 (N.D.N.Y.)

(Cite as: 1995 WL 236245 (N.D.N.Y.))



Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

James N. MYERS, Jr., Plaintiff,
v.
Heather WOLLOWITZ, Attorney, Defendant.
No. 95–CV–0272 (TJM) (RWS).

April 10, 1995.
James N. Myers, Jr., Troy, NY, pro se.

*DECISION AND ORDER*

McAVOY, Chief Judge.
*I. Background*
**\*1** Presently before this Court is the above-captioned plaintiff's application to proceed in forma pauperis and civil rights complaint. Plaintiff has not paid the partial filing fee required to maintain this action.

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(d) and Local Rule 5.4(a) of the General Rules of this Court as without arguable basis in law.

In his *pro se* complaint, plaintiff seems to claim that plaintiff was represented by defendant Wollowitz, a public defender for the County of Rensselaer, in a County Court proceeding. Plaintiff alleges that after a criminal proceeding in that Court, plaintiff was "sentenced to a illegal sentence." *Id.* at 2. Plaintiff contends that due to the ineffective assistance of his counsel, defendant Wollowitz, his constitutional rights were violated. For a more complete statement of plaintiff's claims, reference is made to the entire complaint filed herein.

*II. Discussion*

Consideration of whether a *pro se* plaintiff should be permitted to proceed in forma pauperis is a two-step process. First, the court must determine whether the plaintiff's economic status warrants waiver of fees and costs under 28 U.S.C. § 1915(a). If the plaintiff qualifies by economic status, the court must then consider whether the cause of action stated in the complaint is frivolous or malicious. *Moreman v. Douglas,* 848 F.Supp. 332, 333 (N.D.N.Y.1994) (Scullin, J.); *Potnick v. Eastern State Hosp.,* 701 F.2d 243, 244 (2d Cir.1983) (per curiam).

In the present case, upon review of the plaintiff's inmate account statements, the Court has determined that plaintiff's financial status qualifies him to file or "commence" this action in forma pauperis. 28 U.S.C. § 1915(a). Turning to the second inquiry, a court may "dismiss the proceeding under 28 U.S.C. § 1915(d) if the court thereafter determines that ... the action is frivolous or malicious." *Moreman,* 848 F.Supp. at 333 (citation omitted).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and extreme caution should be exercised in ordering sua sponte dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis. Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(d) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge,* 505 F.2d 802, 804 (8th Cir.1974), as well as to discourage the waste of judicial resources. *Neitzke,* 490 U.S. at 327. *See generally Moreman,* 848 F.Supp. at 334.

**\*2** 42 U.S.C. § 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights. *See, e.g., Von Ritter v. Heald,* 91–CV–612, 1994 WL 688306, \*3, 1994 U.S.Dist. LEXIS 17698, \*8–9 (N.D.N.Y. Nov. 14, 1994) (McAvoy, C.J.). A party may not be held liable under this section unless it can be established that the defendant has acted

Not Reported in F.Supp., 1995 WL 236245 (N.D.N.Y.)

(Cite as: 1995 WL 236245 (N.D.N.Y.))

under the color of state law. *See, e.g., Rounseville v. Zahl, 13 F.3rd 625, 628 (2d Cir.1994)* (noting state action requirement under § 1983); *Wise v. Battistoni, 92–Civ–4288, 1992 WL 380914, *1, 1992 U.S.Dist. LEXIS 18864, *2–3 (S.D.N.Y. Dec. 10, 1992)* (same) (citations omitted).

In the present case, the sole defendant named by plaintiff is the Rensselaer County public defender who apparently represented plaintiff in the criminal proceeding discussed in his complaint. *See* Complaint at 2. However, "[i]t is well settled that an attorney's representation of a party to a court proceeding does not satisfy the Section 1983 requirement that the defendant is alleged to have acted under color of state law...." *Wise, 1992 WL 380914 at *1, 1992 U.S.Dist. LEXIS 18864 at *2–3; see also D'Ottavio v. Depetris, 91–Civ–6133, 1991 WL 206278, *1, 1991 U.S.Dist. LEXIS 13526, *1–2 (S.D.N.Y. Sept. 26, 1991).*

Since the plaintiff has not alleged any state action with respect to the Section 1983 claim presently before the Court, plaintiff's complaint, as presented to this Court, cannot be supported by any arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(d). *Neitzke,* 490 U.S. at 328.

Accordingly, it is hereby

ORDERED, that leave to proceed or prosecute this action in forma pauperis is denied, and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(d) and Local Rule 5.4(a) of the General Rules of this Court as lacking any arguable basis in law, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

I further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a).

IT IS SO ORDERED.

N.D.N.Y.,1995.

Myers v. Wollowitz
Not Reported in F.Supp., 1995 WL 236245 (N.D.N.Y.)
END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 1999 WL 983886 (S.D.N.Y.)

(Cite as: 1999 WL 983886 (S.D.N.Y.))

**C**

Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Anthony ESTES, Plaintiff,
v.
NYC Police John DOE, NYC Police Edson Garcia,
Stephen Malito, & Kenneth Deane, Defendants.
No. 97 Civ. 8133(BSJ).

Oct. 29, 1999.
*Memorandum and Order*

JONES, J.

**\*1** Plaintiff *pro se* brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging violations of his constitutional rights. Before this Court are the motions of defendants for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). Because the moving defendants are entitled to judgment as a matter of law, their motions for summary judgment are granted.

BACKGROUND

On April 15, 1997, a police officer stopped plaintiff Anthony Estes ("Estes") for not wearing a seatbelt while operating a motor vehicle. The officer John Doe ("Doe") asked Estes for identification. Estes could not produce a valid driver's license, and the police officer commenced a motor vehicle check. The officer found marijuana in the vehicle and discovered that Estes's license was suspended due to his failure to pay outstanding traffic fines. Estes was then arrested for aggravated unlicensed operation of a motor vehicle in the third degree, unlawful possession of marijuana, and driving without a seatbelt. Plaintiff then alleges that while he was detained, defendant Edson Garcia ("Garcia") "harassed and taunted" him.

At the time of the arraignment, defendant Kenneth Deane ("Deane"), a licensed attorney who works for the Queens Law Associates, was appointed to represent Estes.[FN1] After the initial arraignment, the marijuana possession charge was dismissed, and plaintiff was offered a plea bargain in which he would plead guilty to a violation of Vehicle and Traffic Law Section 509.1 and pay a $50.00 fine. Estes, however, refused to plead guilty. Deane subsequently filed a motion to dismiss or, in the alternative, for a probable cause hearing. The motion was granted to the extent of ordering a hearing. A hearing was held on September 15, 1997, and the judicial hearing officer found probable cause for the stop and subsequent arrest. A Decision and Order was issued on October 2, 1997 adopting the findings of fact and conclusions of law of the judicial hearing officer.

> FN1. Queens Law Associates, pursuant to a contract with the City of New York, represents a portion of indigent defendants in Queens County.

On November 3, 1997, plaintiff *pro se* commenced the instant action. Plaintiff alleges that after the defendant police officers pulled him over for a traffic infraction, he was illegally searched, arrested, and kidnapped without an arrest warrant. Plaintiff further alleges that Queens County Assistant District Attorney Stephen Malito, Deane, and Judge Douglas Wong ("Judge Wong") failed to adhere to legal procedures, and conspired to deprive him of his constitutional rights.[FN2] Plaintiff sought an injunction staying his criminal case, a declaratory judgment that his constitutional rights were violated, and $10,000,000 in punitive and compensatory damages. After commencement of this action, defendant Deane was relieved as counsel for Estes. In June 1998, while represented by other counsel, Estes pled guilty to a misdemeanor—aggravated unlicensed operation of a motor vehicle in the third degree—pursuant to New York's Vehicle and Traffic Law Section 511.9, and paid a $250.00 fine.

> FN2. On September 10, 1998, the Court granted defendant Judge Wong's motion to dismiss the complaint upon the grounds that plaintiff's claims against Judge Wong were barred by the doctrine of judicial immunity.

**\*2** Since the date of his guilty plea, Estes has made no attempt to litigate this action. The Court scheduled a

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 983886 (S.D.N.Y.)

(Cite as: 1999 WL 983886 (S.D.N.Y.))

pre-trial conference at the request of defendant Deane on September 18, 1998. Despite the fact that plaintiff was notified of the conference by Certified Mail, Return Receipt Requested, Estes did not attend the conference. The Court then set a schedule for the filing of defendants' summary judgment motions. The plaintiff was ordered to file his response by November 18, 1998. Plaintiff never responded. On February 2, 1999, the Court warned plaintiff that he "must file an opposition to defendants' motion by March 4, 1999, or to show good cause why he needs more time. Failure of plaintiff *pro se* to follow such directions will result in the defendants' motion being decided unopposed." Estes failed to respond. On September 27, 1999, in light of the principles expressed in *Champion v. Artuz,* 76 F.3d 483 (2d Cir.1996) (per curiam), and *Vital v. Interfaith Medical Center,* 168 F.3d 615, 620–21 (2d Cir.1999), the Court again notified plaintiff that the defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff was warned that "[i]f you do not respond to the motion for summary judgment by October 8, 1999, with affidavits or documentary evidence contradicting the facts asserted by the defendants, the Court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial." Estes again failed to respond. Accordingly, the Court decides defendants' motions unopposed.

DISCUSSION

I. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden to show the absence of a genuine issue of material fact. Once the moving party has met this burden, the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The non-moving party does not meet this burden when some "metaphysical doubt as to the material facts" exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *see also Hogan v. 50 Sutton Place South Owners, Inc.,* 919 F. Supp 738, 742 (S.D.N.Y.1996) ("Speculative and conclusory allegations are insufficient to meet this burden." (quoting *Allen v. Coughlin,* 64 F.3d 77, 80 (2d Cir.1995))). Additionally, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Liberty Lobby,* 477 U.S. at 248; *see also Zucker v. Katz,* 836 F.Supp. 137, 143–44 (S.D.N.Y.1993).

**\*3** As Estes is proceeding *pro se,* his submissions will be read liberally and "interpret[ed] ... to raise the strongest arguments that they suggest." *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)).

II. PLAINTIFF'S CLAIMS

A. SECTION 1983 CLAIMS AGAINST DEFENDANTS GARCIA, DOE, AND MALITO

Plaintiff alleges that defendants Garcia, Doe, and Malito violated 42 U.S.C. § 1983 when the defendants unlawfully arrested [FN3] and maliciously prosecuted [FN4] him. A plaintiff in a Section 1983 action must allege that: (1) the conduct complained of deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) the conduct complained of was committed by a person acting under color of law. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980). Further, to recover damages for any allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994).

> FN3. To maintain a cause of action for false imprisonment under Section 1983, a plaintiff must show that: (1) the defendant intended to confine him; (2) he was conscious of the confinement; (3) he did not consent to the

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 983886 (S.D.N.Y.)

(Cite as: 1999 WL 983886 (S.D.N.Y.))

confinement; and (4) the confinement was not otherwise privileged. *See Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995).

FN4. In order to prevail on a claim of malicious prosecution, a plaintiff must show that the civil defendant initiated or caused the institution of proceedings against the plaintiff without probable cause, that the proceedings were commenced against him with malice on the part of the civil defendant, and that those proceedings terminated in the plaintiff's favor. *See, e.g., Robinson v. Cattaraugus County,* 147 F.3d 153, 163 (2d Cir.1998); *Russell v. Smith,* 68 F.3d 33, 36 (2d Cir.1995).

A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983. *See id.; Warner v. Orange County Dept. of Probation,* 115 F.3d 1068, 1074 n. 5 (2d Cir.1996) (stating that the *Heck* "rule applies most clearly where the defendant has been convicted of a crime, but contends in his § 1983 action that he was prosecuted for an unconstitutional reason."); *Posr v. Doherty,* 944 F.2d 91, 100 (2d Cir.1991) (holding that to prove a Section 1983 claim of malicious prosecution, plaintiff must show that officers commenced criminal proceeding against him, that proceeding terminated in his favor, that there was no probable cause for criminal proceeding, and that it was instituted with malice). Accordingly, unless plaintiff demonstrates that his plea has already been invalidated, his § 1983 claim must be dismissed if it necessarily implies the invalidity of such conviction. *See Jackson v. Suffolk County Homicide Bureau,* 135 F.3d 254, 256 (2d Cir.1998) (" 'A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.' ") (quoting *Heck,* 512 U.S. at 487).

Here, Estes pled guilty to a crime—aggravated unlicensed operation of a motor vehicle in the third degree.FN5 Plaintiff's plea has not been invalidated, and as a result, his § 1983 action must be dismissed because his claim necessarily implies the invalidity of his conviction. *See Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir.1995) (dismissing false arrest, false imprisonment, and malicious

prosecution claims because plaintiff "has not demonstrated that his conviction has been invalidated in any manner"); *Channer v. Mitchell,* 43 F.3d 786, 787 (2d Cir.1994) (affirming the dismissal of claims that defendant police officers committed perjury and coerced witnesses to wrongfully identify plaintiff because he "offered no proof that his conviction had been independently invalidated"). Accordingly, plaintiff's § 1983 claims against defendants Garcia, Doe, and Malito for unlawful arrest and malicious prosecution are dismissed.FN6

FN5. New York's Vehicle and Traffic Law, Section 511 states:

(a) A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner.

(b) Aggravated unlicensed operation of a motor vehicle in the third degree is a misdemeanor. When a person is convicted of this offense, the sentence of the court must be: (i) a fine of not less than two hundred dollars nor more than five hundred dollars; or (ii) a term of imprisonment of not more than thirty days; or (iii) both such fine and imprisonment.

FN6. Even though the New York City Police Department is not named as a party to this action, Estes alleges that the New York City Police Department is responsible for his injuries because it "fail[s] to train their officials and employees [as to the] applicable provisions of the United States Constitution." Municipalities may be sued under 42 U.S.C. § 1983 for constitutional deprivations that result from an officially adopted policy or custom. *See Monell v. Department of Soc. Sevs.,* 436 U.S. 658, 690

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 983886 (S.D.N.Y.)

(Cite as: 1999 WL 983886 (S.D.N.Y.))

(1978); *Sarus v. Rotundo,* 831 F.2d 397, 400 (2d Cir.1987). To hold a municipality liable under 42 U.S.C. § 1983, a plaintiff must show three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *See Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983); *see also Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986). Here, plaintiff fails to allege any facts reasonably suggesting that a custom or policy of the New York City Police Department caused such deprivation. Plaintiff's Complaint, therefore, does not raise any § 1983 claims against the New York City Police Department.

B. SECTION 1985 CLAIMS AGAINST DEFENDANTS GARCIA, DOE, MALITO, AND DEANE

*4 Estes brings claims pursuant to § 1985. A plaintiff alleging a conspiracy under § 1985 must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the claimed conspiracy. *See Thomas v. Roach,* 165 F.3d 137, 147 (2d Cir.1999). Here, Estes simply makes conclusory statements that the defendants conspired and violated Section 1985 with Judge Wong to deprive him of his constitutional rights. Estes has not alleged with any particularity the overt acts engaged in by the city defendants. Estes's vague assertions, therefore, do not establish the existence of an agreement among the defendants to deprive him of his constitutional rights. Accordingly, the Court grants defendants' motions for summary judgment as to plaintiff's Section 1985 claims. *See Thomas,* 165 F.3d at 147.

C. SECTION 1986 CLAIMS AGAINST DEFENDANTS GARCIA, DOE, MALITO, AND DEANE

Estes also alleges violations of § 1986. Section 1986 "provides a cause of action against anyone who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." ' *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1088 (2d Cir.1993) (citation omitted). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *See id.* (citing *Dacey v. Dorsey,* 568

F.2d 275, 277 (2d Cir.1978)). Because Estes's Section 1985 claims are dismissed, the Court also grants summary judgment for the defendants as to Estes's Section 1986 claims.

D. PLAINTIFF'S LEGAL MALPRACTICE CLAIMS AGAINST DEFENDANT DEANE

While plaintiff's complaint does not specifically allege a cause of action for legal malpractice, Estes does allege that Deane failed to make the appropriate motions and submit the appropriate citations which would have resulted in a dismissal of Estes's criminal proceedings. The Court thus reads plaintiff's Complaint as raising a claim for legal malpractice against Deane.

To allege legal malpractice, Estes must show that he was innocent or had a colorable claim of innocence of the underlying offense, "for so long as the determination of his guilt for that offense remains undisturbed, no cause of action will lie." *Carmel v. Lunney,* 70 N.Y.2d 169, 173 (1987) (internal citations omitted). Because Estes is precluded by his guilty plea from proving his innocence in this action, he is unable to state a cause of action for legal malpractice. *See Scanio v. Palmiere & Pellegrino, P.C.,* 674 N.Y.S.2d 527, 528 (4th Dep't 1998).

Moreover, on the undisputed facts, Deane did not commit malpractice. Deane vigorously defended Estes. It is undisputed that Deane made a motion to suppress evidence and a motion for a probable cause hearing. The judicial hearing officer found probable cause for the stop and subsequent arrest and his findings were adopted by the criminal court judge. Deane then negotiated a plea bargain for his client whereby Estes would plead guilty to a traffic violation and pay a $50 fine. Estes refused. In June of 1998, Estes, represented by different counsel, pled guilty to a more serious offense, aggravated unlicensed operation of a motor vehicle in the third degree, and paid a $250 fine. The fact that Deane negotiated a plea more favorable than the one Estes later agreed to demonstrates that Deane's representation was adequate. Accordingly, the Court grants summary judgment for defendant Deane as to plaintiff's claim of legal malpractice.

E. PLAINTIFF'S REMAINING CLAIMS

*5 Finally, the plaintiff mentions in his complaint that

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 983886 (S.D.N.Y.)

(Cite as: 1999 WL 983886 (S.D.N.Y.))

the city defendants "violated clearly established rights protected under the Constitution, particularly under the Fourth, Fifth, Sixth, Eighth, [Thirteenth], and Fourteenth Amendments, and Civil Rights and God given inalienable rights."

### 1. PLAINTIFF'S REMAINING CLAIMS AGAINST ASSISTANT DISTRICT ATTORNEY MALITO

Estes's remaining claims against defendant Malito are barred under the doctrine of prosecutorial immunity. In determining whether prosecutorial immunity is applicable, a court must use a "functional approach," looking to the function being performed rather than to the office or identity of the defendant. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993). State prosecutors are entitled to absolute immunity for that conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. at 409, 430 (1976). Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. *See id.* at 430–31. Such official is also immune for conduct in preparing for those functions; for example, evaluating and organizing evidence for presentation at trial or to a grand jury, *see Buckley,* 509 U.S. at 273, or determining which offenses are to be charged. *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 530 (2d Cir.1993). Prosecutorial immunity from § 1983 liability "is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.' " *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir.1995) (quoting *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir.1994)).

For those acts that historically received no immunity at common law, absolute immunity may not be invoked. *See Buckley,* 509 U.S. at 274 n. 5 (noting that malicious prosecution was traditionally immune while the manufacture of evidence was not). When a district attorney functions outside his or her role as an advocate for the People, the shield of immunity is absent. Immunity does not protect those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings. *See Buckley,* 509 U.S. at 271.

Before any formal legal proceeding has begun and before there is probable cause to arrest, it follows that a prosecutor receives only qualified immunity for his acts. "A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." *Buckley,* 509 U.S. at 274. For example, prosecutors are not entitled to absolute immunity for the act of giving legal advice to the police in the investigative phase of a criminal case, *see Hill,* 45 F.3d at 661, or for assisting in a search and seizure or arrest. *See Day v. Morgenthau,* 909 F.2d 75, 77–78 (2d Cir.1990).

In the instant matter, Estes's claims against Malito are for: (1) bringing charges against plaintiff upon his arrest; (2) deciding not to offer a lesser plea bargain to plaintiff; and (3) conspiring with Judge Wong and defendant Deane "to make a civil matter a criminal matter," thereby depriving plaintiff of his constitutional rights. Such actions are intimately associated with the judicial phase of the criminal process because they are so closely associated with a prosecutor's function as an advocate. *See Imbler,* 424 U.S. at 430; *Hill,* 45 F.3d at 661. There is no allegation by the plaintiff that Malito acted outside his role as an advocate for the People, and functioned as an investigator. Accordingly, the Court finds that Malito is absolutely immune from suit for his alleged actions.

### 2. PLAINTIFF'S REMAINING CLAIMS AGAINST DEFENDANTS GARCIA AND DOE

**\*6** Here, plaintiff's bald assertion that defendants Doe and Garcia violated numerous amendments to the Constitution, without any elaboration, fails to state any cause of action as a matter of law. Accordingly, the Court grants their motion for summary judgment, and dismisses plaintiff's remaining claims.

### CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment are granted. The Clerk of the Court is directed to enter final judgment for the defendants. S.D.N.Y.,1999.

Estes v. Doe
Not Reported in F.Supp.2d, 1999 WL 983886 (S.D.N.Y.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1881772 (D.Md.)

(Cite as: 2010 WL 1881772 (D.Md.))



Only the Westlaw citation is currently available.
United States District Court,

D. Maryland.
William R. MESMER, Plaintiff
v.
ST. MARY'S COUNTY, et al., Defendants.
Civil Action Case No. DKC–10–1053.

May 7, 2010.
William R. Mesmer, California, MD, pro se.

**MEMORANDUM OPINION**

DEBORAH K. CHASANOW, District Judge.

**\*1** Pending are William R. Mesmer's civil rights Complaint for damages and Motion to Proceed in Forma Pauperis pursuant to 42 U.S.C. § 1983, for claims arising from his arrest and detention on the night of March 26, 2009.[FN1] The Court will grant Mesmer's Motion to Proceed in Forma Pauperis for the purpose of preliminary review and grant him twenty-one days to provide supplemental financial information.

> FN1. Electronically accessed records from the Maryland Judiciary website show that on October 10, 2009, a jury in the Circuit Court for St. Mary's County found Mesmer guilty of driving under the influence and related traffic violations. Mesmer was sentenced to one month imprisonment and work release was authorized. See Case N. 18K09000495.

Mesmer's claims of excessive force and denial of medical care against the Maryland State Police, Trooper SGT Redmond,[FN2] Trooper CPL Jeffrey Linger, Trooper FC Robert Reeza, St. Mary's County Sheriff, Department of Corrections, George A. Hayden, SMCDC, Austin E. Bernard, SMCDC, Andre Hill, SMCDC, Sgt. Krista Morazes, SMCDC, and Cpl. Stephen J. Goddard, SMCDC, SHALL PROCEED. For reasons that follow, the court SHALL DISMISS Karen H. Abrams, Richard D.

Fritz, Christina L. Taylor, and Kevin J. McDevitt as defendants, and SHALL ALSO DISMISS some of the other claims.

> FN2. Trooper Redmond's name is also spelled "Redman" in the Complaint.

**STANDARD OF REVIEW**

Mesmer is a pro se litigant and the court accords his pleadings liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. See Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir.1990). The court is obliged to dismiss an action filed by a prisoner that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2).

The standard for dismissal for failure to state a claim is analyzed under Fed.R.Civ.P. 12(b)(6) which tests the sufficiency of a complaint. Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. Id. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1881772 (D.Md.)

(Cite as: 2010 WL 1881772 (D.Md.))

—— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## DISCUSSION

### Defendants Entitled to Dismissal

**\*2** Judges acting in their judicial capacity are absolutely immune from suit under the doctrine of judicial immunity. *See Mireless v. Waco,* 502 U.S. 9,9, 112 S.Ct. 286, 116 L.Ed.2d 9, (1991); *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331, (1987). Other than expressing disagreement with Judge Abrams's ruling on the admission of evidence at trial, Mesmer provides no grounds to show that she acted beyond the scope of her judicial authority. Indeed, a decision about admission or exclusion of evidence is precisely the kind of decision a judge routinely makes during the course of judicial proceedings. Judge Abrams is entitled to absolute immunity and shall be dismissed as a defendant in this case.

When acting within the scope of their duties, prosecutors have immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Mesmer's only specific claim against Richard Fritz, State's Attorney for St. Mary's County, apart from his dissatisfaction with the outcome of his trial, is a conclusory and undefined allegation that Fritz "got to" his first defense counsel Andrew Alpert, Esq. As the claim fails to provide any legal or factual any basis for liability and the prosecutor is otherwise entitled to immunity for his actions at trial, Richard Fritz shall be dismissed as a defendant. Similarly, no specific claims are raised against Christina L. Taylor and she shall dismissed as a defendant.

Kevin J. McDevitt, Mesmer's trial counsel, is entitled to dismissal as a matter of law. Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under 42 U.S.C § 1983. *See Deas v. Potts,* 547 F.2d 800 (4th Cir.1976); *Hall v. Quillen,* 631 F.2d 1154, 1155 (4th Cir.1980); *Polk County v. Dodson,* 454 U.S. 312, 324, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

### Failure to State a Cause of Action

Mesmer may not attempt to bring criminal charges in a civil proceeding. Private citizens have no constitutional or other right to a federal criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Sattler v. Johnson,* 857 F.2d 224 (4th Cir.1988). Federal criminal prosecutions are filed by the United States Attorney.[FN3] Mesmer's "belief" that state trooper Redmond and an unidentified passenger attempted to kill or harm him by running him down on the road on the evening of August 14, 2009, presents a criminal claim that may not be raised in his civil complaint. For the same reason, Mesmer's claims under criminal statutes 18 U.S.C. §§ 241 and 242 shall be dismissed.

> FN3. Mesmer implies that he has provided this information to the United States Department of Justice. The United States Attorney is empowered to file criminal charges.

Mesmer's dissatisfaction with retained defense counsel fails to support his claim that Defendants have engaged in a criminal conspiracy to obstruct justice by intimidation. Further, to the extent Mesmer believes that his arrest was improper, he was falsely imprisoned, and evidence against him was improperly admitted at trial, he must first exhaust his claims in the Maryland state courts on direct appeal or through post-conviction relief before raising them here. Damages may not be awarded for an allegedly unconstitutional term of imprisonment before issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned.).

## CONCLUSION

**\*3** Mesmer's excessive force and denial of medical care claims shall proceed against the Maryland State Police, Trooper SGT Redmond,[FN4] Trooper CPL Jeffrey Linger, and Trooper FC Robert Reeza, St. Mary's County Sherriff, Department of Corrections, George A. Hayden, SMCDC, Austin E. Bernard, SMCDC, Andre Hill, SMCDC, Sgt. Krista Morazes, SMCDC, and Cpl. Stephen

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1881772 (D.Md.)

(Cite as: 2010 WL 1881772 (D.Md.))

J. Goddard; SMCDC. Karen H. Abrams, Richard D. Fritz, Christina L. Taylor, and Kevin J. McDevitt shall be dismissed as defendants. All other claims are dismissed for failure to state a cause of action upon which relief can be granted. A separate Order follows.

> FN4. Trooper Redmond's name is also spelled "Redman" in the Complaint.

D.Md.,2010.

Mesmer v. St. Mary's County
Not Reported in F.Supp.2d, 2010 WL 1881772 (D.Md.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.