UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CARLOS PETERSON,**

                        **Plaintiff,**

  vs.                                                 5:12-CV-1371
                                                      (MAD/DEP)

**JUDGE DONALD E. TODD, and
D.A. WILLIAM FITZPATRICK,**

                        **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**Carlos Peterson**
**08-B-3052**
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff has brought a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Todd and Fitzpatrick, the judge and district attorney, respectively, who presided and prosecuted over his criminal proceedings. Having reviewed the parties submissions, the Court finds that Plaintiff's case must be dismissed with prejudice because his conviction has not been independently vacated, or, alternatively, because both Defendants are entitled to absolute immunity.

### II. BACKGROUND

A.  **Plaintiff's Complaint**

In a civil rights complaint dated September 7, 2012, Plaintiff *pro se* alleges that Defendants committed malicious prosecution and fraud. *See* Dkt. No. 1 at ¶ 7. Plaintiff does so while he remains confined in the Clinton Correction Facility, located in Dannemora, New York. *See* Dkt. No. 1 at ¶ 2. Specifically, Plaintiff alleges that Defendants did the following: (1) permitted the introduction of false testimony in order to deny motions to vacate his conviction; (2) made material, discriminatory misstatements of the law; and (3) failed to disclose potential exculpatory evidence. *See id.* at 4. Plaintiff requests actual and punitive damages in the sum of $15,000,000.

In a Report, Recommendation and Order dated February 7, 2013, Magistrate Judge Peebles recommended that the Court dismiss with prejudice Plaintiff's claims against both Defendant Fitzpatrick and Defendant Todd pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), or, alternatively, on the basis of prosecutorial and judicial immunity, respectively. *See* Dkt No. 7 at 9-15.

B.  **Plaintiff's Objection to Magistrate Judge Peebles' Report, Recommendation and Order**

Plaintiff objects to Magistrate Judge Peebles' Order and Report-Recommendation. Firstly, Plaintiff claims that his original complaint against Defendant Todd had nothing to do with his criminal trial, which he says was presided over by Judge William D. Walsh, not Defendant Todd. *See* Dkt. No. 8 at 1. The fraud claims against Defendant Todd are apparently derived from Plaintiff's "at least 7 or 8 440.10 motions in the hands of [J]udge Donald E. Todd and the D.A. office." *See id.* at 2. Plaintiff, therefore, objects to Magistrate Judge Peebles' reliance on *Heck* in his Report, Recommendation and Order.

Secondly, Plaintiff objects to Magistrate Judge Peebles' reliance on absolute immunity in his Order and Report-Recommendation. According to Plaintiff's objection, "[t]he [i]mmunity type of shield doesn't [i]mmune corrupt." *See id.*

### III. DISCUSSION

**A.  Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune to such relief." 28 U.S.C. § 1915A(b)**.** This ability to dismiss a complaint *sua sponte* exists even in cases in which a prisoner has attempted to file his or her complaint *in forma pauperis*. *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990). It should be noted that "extreme caution should be exercised in ordering sua

3

sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond[.]" *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

A court should not dismiss a plaintiff's complaint if it states "enough facts to state a claim to relief that is plausible on its face." *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court should accept all of a complaint's factual allegations as true, but the court is not bound to accept the complaint's legal conclusions. *See id.* (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

**B.    Relief under 42 U.S.C. § 1983**

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions

4

attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

**C.     Absolute Immunity**

Plaintiff's first objection, clarifying that his initial complaint was made about the proceedings surrounding his motion to vacate his conviction, rather than the conviction itself, is immaterial. Such an objection does not change the fact that Plaintiff is challenging his underlying conviction, which is the only fact Magistrate Judge Peebles needed to rely on when applying his absolute immunity analysis in his Order and Report-Recommendation. Plaintiff's objections to Magistrate Judge Peebles' reliance on Defendants' absolute immunity are not factual objections, but instead legal conclusions that absolute immunity does not apply in his case. These objections are without merit.

*1. Judicial Immunity as Applied to Defendant Todd*

Defendant Todd is a sitting Oswego County Court Judge who denied Plaintiff's C.P.L. § 440.10 motions to vacate his conviction. *See* Dkt. No. 1 at ¶ 3.

"It is well settled that judges generally have absolute immunity from suits for money

damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted). The 1996 Congressional amendments to §1983 further barred injunctive relief and provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999). Therefore, a judge is immune from all forms of suit unless he has acted either beyond the judge's judicial capacity, or "in the complete absence of all jurisdiction." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (citing *Mireles*, 502 U.S. at 11, 112 S. Ct. 286).

In determining whether or not the judge acted in the "clear absence of all jurisdiction," the judge's jurisdiction is to be construed broadly, "and the asserted immunity will only be overcome when the 'judge clearly lacks jurisdiction over the subject matter.'" *Bliven*, 579 F.3d at 209 (quoting *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988)). "Whether a judge acted in a 'judicial capacity' depends on the 'nature of the act [complained of] itself, *i.e.*, whether it is a function normally performed by a judge, and [on] the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Ceparano v. Southampton Justice Court*, 404 Fed. Appx. 537, 539 (2d Cir. 2011) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). "Further, if the judge is performing in his judicial capacity, the 'judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."'" *Ceparano*, 404 Fed. Appx. at 539 (quotation

6

omitted). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.'" *Bliven*, 579 F.3d at 209 (quotation and other citation omitted). While absolute judicial immunity does not bar claims for prospective injunctive relief, such relief is not available under § 1983 absent an allegation of a violation of a prior declaratory decree or that declaratory relief was unavailable. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (quotation omitted).

In the present matter, Plaintiff's complaint alleges that Defendant Todd committed fraud while presiding as a judge over Plaintiff's motions to vacate his sentence. It is specifically because Defendant Todd performed these actions in his judicial capacity that Plaintiff has filed his complaint. Plaintiff has failed to allege that Defendant Todd was acting in the complete absence of jurisdiction or beyond his judicial capacity, nor could he. As such, the Court finds that Magistrate Judge Peebles correctly applied the absolute immunity standard to Plaintiff's claims against Defendant Todd.

### 2. Prosecutorial Immunity as Applied to Defendant Fitzpatrick

A prosecutor is entitled to absolute immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). "[G]enerally only (a) the prosecutor's decisions with regard to whether or not to institute a prosecution and (b) his performance of his litigation-related duties are given the shield of absolute immunity. Most other activities are characterized as administrative or investigative and, thus, merit less protection." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (citations and quotation marks omitted).

Since determining whether a prosecutor's conduct is properly categorized as prosecutorial, investigative, or administrative "may present [a] difficult question[ ]," *Imbler*, 424 U.S. at 431 n.33, the Supreme Court has adopted a "functional approach" that looks at "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1987). "The Second Circuit views the pre-litigation function that a prosecutor performs as having at least two aspects: '(1) the supervision and interaction of law enforcement agencies in acquiring evidence which might be used in a prosecution, and (2) the organization, evaluation, and marshalling of the evidence into a form that will enable the prosecutor to try a case, seek a warrant, indictment, or order.'" *Ying Jing Gan*, 996 F.2d at 528 (quoting *Barbera v. Smith*, 836 F.2d 96, 100 (2d Cir. 1987)) (emphasis removed).

"[T]he first category consists of actions that are of a police nature and are not entitled to absolute protection." *Barbera*, 836 F.2d at 100; *see also Burns v. Reed*, 500 U.S. 478, 493 (1991) (holding that "advising the police in the investigative phase of a criminal case is [not] so intimately associated with the judicial phase of the criminal process that it qualifies for absolute immunity") (quotation marks and citation omitted). Generally, "[b]efore any legal proceeding has begun and before there is probable cause to arrest, it follows that a prosecutor receives only qualified immunity for his acts." *Hill*, 45 F.3d at 661 (citing *Barbera*, 836 F.2d at 100).

The complaint against Defendant Fitzpatrick centers on Plaintiff's unsuccessful attempts to have his conviction vacated. These events are squarely within the judicial process, thereby entitling Defendant Fitzpatrick to absolute immunity from suit. In his objections to Magistrate Judge Peebles' Report, Recommendation and Order, Plaintiff argues that he submitted seven or eight motions to vacate and, despite the fact that the evidence showed that "the State of New York doesn't have a legit case," the motions were nevertheless denied. *See* Dkt. No. 8 at 2. Plaintiff's

8

complaint and objections clearly deal with Defendant Fitzpatrick's decision to prosecute his case, the decision to oppose the motion to vacate his conviction, and Defendant Fitzpatrick's ultimate success in opposing the motion to vacate his conviction.

Based on the foregoing, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should dismiss the claims against Defendant Fitzpatrick because of absolute prosecutorial immunity.

**D.** *Heck v. Humphrey*

Unlike Plaintiff's objection that it would be immoral for the doctrine of absolute immunity to be applied in his situation, his objection to Magistrate Judge Peebles' *Heck v. Humphrey*, 512 U.S. 477 (1994), analysis alleges facts that, on their face, were not explicitly discussed in Magistrate Judge Peebles' Order and Report-Recommendation. But, despite Plaintiff's insistence that his complaint has nothing to do with the judge who presided over his trial, Judge William D. Walsh, his goal in this matter is to compel a successful N.Y. Crim. Proc. § 440.10 motion to vacate his sentence. *See* Dkt. No. 8; Dkt. No. 1 at ¶ 6; *see also* N.Y. Crim. Proc. Law § 440.10 (Consol. 2013). Plaintiff's claim must fail regardless of Defendant's identity because of the outcome which Plaintiff seeks.

In *Heck*, the Supreme Court held that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see also Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995) (per curiam),

9

("*Heck* dictates that a cause of action seeking damages under § 1983 for an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated" (quoting *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994)) (internal quotation marks omitted). One of the Supreme Court's primary concerns in *Heck* was preventing opportunities that "would permit . . . a collateral attack on [plaintiff's] conviction through the vehicle of a civil suit." *Heck*, 512 U.S. at 484 (citation omitted) (internal quotation marks omitted). The plaintiff in *Heck*, as in the present matter, requested only damages and not release from prison. *See* Dkt. No. 1 at ¶ 8; *see also Heck*, 512 U.S. at 479. Yet the Supreme Court made explicit that its holding applied even to prisoners seeking only damages without seeking any injunctive relief. *See Heck*, 512 U.S. at 482.

Plaintiff's complaint alleges fraud and malicious prosecution by Defendants and does so in an attempt to demonstrate that his motions to vacate his criminal sentence have been unfairly denied. *See* Dkt. No. 1 at ¶ 6. Under *Heck*, it does not matter that Plaintiff's motions to vacate his sentence have one degree of separation from the events of his original criminal trial before Judge William D. Walsh. Even though Plaintiff has filed his complaint against Defendant Todd, if he succeeds on his complaint, his conviction would be rendered invalid. This cannot be allowed unless Plaintiff's conviction has been vacated on some independent basis. Plaintiff does not allege any such independent basis in his complaint, *see* Dkt. No. 1 at ¶ 6, and as Magistrate Judge Peebles points out, his continued incarceration suggests no such independent basis has yet been found. *See* Dkt. No. 7 at 10.[1]

Based on the foregoing, the Court finds that Magistrate Judge Peebles' correctly

---

[1] The Court has corroborated Magistrate Judge Peebles' search, *see* Dkt No. 7 at 2 n.1, and confirmed that Plaintiff is still, in fact, incarcerated at Clinton Correctional Facility as of May 29, 2013, with a release date of no earlier than November 24, 2016. *See* Inmate Information, Inmate Population Information Search http://nysdoccslookup.doccs.ny.gov/ (last visited May 29, 2013).

determined that *Heck v. Humphrey* precludes Plaintiff's claims.

E.     **Whether to Permit Amendment**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

Although a Court should generally grant a plaintiff proceeding *pro se* at least one opportunity to amend when dismissing a complaint for failure to state a claim, no such opportunity is required when it is clear that such an amendment would be futile, as is the case in the present matter. Since the underlying events of Plaintiff's motion to vacate his conviction are inextricably linked to a criminal conviction that has not been independently vacated, there is no set of facts by which *Heck v. Humphrey* would not bar Plaintiff's claim. Further, there is no set of facts Plaintiff might plead that would avoid the bar of absolute immunity.

Based on the foregoing, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should not grant Plaintiff leave to amend his complaint, since any amendment would be futile.

## IV. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report, Recommendation and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the

11

Court hereby

**ORDERS** that Magistrate Judge Peebles' Report, Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that all claims against Defendants Todd and Fitzpatrick are **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(B)(iii) and 28 U.S.C. § 1915A(b)(2); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Memorandum-Decision and Order would not be taken in good faith; and, therefore, *in forma pauperis* status for purposes of appeal is **DENIED**;[2] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 7, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).